(47 App. Div. 410.)

## WITTLEDER v. CITIZENS' ELECTRIC ILLUMINATING CO. OF BROOKLYN.[1]

(Supreme Court, Appellate Division, Second Department. January 23, 1900.)

1. ELECTRICITY—INJURY BY CONTACT WITH WIRES—PLEADING.

An allegation that an electric light company "negligently constructed and operated" an electric light wire within one foot of, and unlawfully and dangerously near." a platform on a public street, and that it "was not sufficiently, nor properly, nor carefully insulated, nor covered, nor protected," justifies recovery by a person injured in consequence thereof, either on the ground of negligence or that defendant maintained a nuisance.

2. SAME—TRESPASSERS.

An electric light company maintaining wires on an elevated railroad structure, not shown to be with the railroad's consent, cannot set up that one injured by contact with the wires was a trespasser on the railroad property, the company itself being a trespasser.

3. SAME—QUESTION FOR JURY.

In an action for injuries sustained by a boy on an elevated railroad platform by leaning over the railing and touching an electric light wire maintained there by defendant, it cannot be said, as matter of law, that defendant could not have reasonably anticipated such injury, and that the proximate cause was not its act in locating the wire there, but the question whether the wire was so dangerously near the platform rail that a person might be injured was for the jury.

4. TRIAL—INSTRUCTIONS—REFUSAL.

Where a charge cannot be sustained in its entirety, it is properly refused.

5. SAME.

A request that one entering the stairs of an elevated road is a mere licensee, and that the stairs were for the use of passengers, and that defendant, an electric light company, could not reasonably anticipate that children would be playing on the stairs in such a manner as to be injured by a wire outside the railing, was properly refused, since defendant, not owning the stairway, was not in a position to question plaintiff's right to be there; and the question whether defendant could have reasonably anticipated children being injured there was for the jury.

6. SAME—EVIDENCE—WITNESSES.

That a witness has testified positively to a certain fact and has not been contradicted, does not make other proof of the same fact inadmissible, since the jury might not believe the witness without corroboration.

Appeal from trial term, Kings county.

Action by Edward Wittleder, an infant, by Edward G. Wittleder, his guardian, against the Citizens' Electric Illuminating Company of Brooklyn. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John Notman (Lewis H. Freedman, on the brief), for appellant.

Foster L. Backus, for respondent.

GOODRICH, P. J. On July 8, 1898, Edward J. Wittleder, the plaintiff, a boy about 10 years of age, was playing with a companion on a platform or landing of the stairway leading to the elevated railroad station on Fifth avenue at the corner of St. Marks Place, Brooklyn. Upon the structure of the railroad company were strung electric light wires, belonging to the defendant, which extended parallel to the said platform, on a cross-arm projecting at right angles

[1] For opinion on motion to resettle order, see 62 N. Y. Supp. 488.

thereto, and at a distance therefrom variously estimated as from 10 to 18 inches. On each side of the stairway was a balustrade, which, at the platform, extended about 4 feet above the floor, the space between its hand rail and the platform being taken up by a sheet of iron along the floor, and about 1½ feet in height, above which was a latticework of iron. There was evidence tending to show that the plaintiff, with another boy, was playing on this platform; that while so doing, and standing with his back to the rail, he put one foot into the latticework, the other being on the floor, and, leaning backward, casually extended one arm over the rail; that his hand came in contact with an electric light wire belonging to the defendant, thus forming a ground connection between his hand and the foot in the iron latticework, so that a current of electricity passed from the wire through his body from hand to heel, and he received a severe shock and burn, necessitating the amputation of the thumb and two fingers of his right hand, and other injury. The jury found a verdict for $8,000, and from the judgment entered thereon the defendant appeals.

As to the order denying the motion for a new trial on the ground that the verdict is against the weight of evidence, we have carefully examined the record, and, while there is some ground for question whether the boy received his injuries exactly in the manner described by him; whether, with his face towards the wire, and reaching out over the rail, he took hold of the wire; or whether, with his back to the rail and wire, he threw out his arm, and touched the wire accidentally,—still these were questions of fact, which the court was required to and did submit to the jury. With that verdict we see no reason to interfere.

The defendant contends that the complaint sets out an action based on its negligence, and not on the ground that it maintained a nuisance. This contention is not sound. The complaint alleged that the defendant "negligently constructed and operated" the wire "within one foot of, and unlawfully and dangerously near, the platform," and that it "was not sufficiently, nor properly, nor carefully insulated, nor covered, nor protected." This alleges facts sufficient to justify the admission of evidence to establish the existence of a nuisance, inasmuch as the state of affairs complained of existed in a public street or highway. But it is also an allegation of negligence. There was no motion to put the plaintiff to his election, and he would have been entitled to recover on either theory if there was sufficient evidence in other respects for that purpose. It is not necessary for us to pass upon the question on which theory the plaintiff's right of action depends, for the evidence would lead us to conclude that the jury might have found that the defendant was liable on either theory. A wire carrying along a public street in a densely-populated city electricity with a voltage sufficient to inflict the injuries which the boy received is a constant and imminent menace to the safety of those who approach it, and requires a degree of care in its erection and maintenance commensurate with its liability to do injury. There was conflicting evidence as to the unnecessary proximity of the wire to the rail of the balustrade, and as

to the swaying of the wire nearer to the rail on account of the passing of trains, but we think these questions were fairly submitted to the jury.

The defendant's exceptions raise a question as to the contributory negligence of the boy, in that he was not lawfully on the platform, and, therefore, was a trespasser. We do not think this is a question which can be raised by the defendant, as not it, but the railroad company, was the owner of the stairway. It may be conceded that the boy was a trespasser as against the railroad company, and that, within the doctrine of Walsh v. Railroad Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, there could have been no recovery against it for an accident occurring there. The defendant, so far as the record shows, seems to have no right to string its wires on the elevated railroad structure. It does not allege any such right in the answer, and there is not sufficient evidence to enable us to pass upon its right to erect or maintain the wire where it was. There were some suggestions looking to that end, and to the regulations of the city as to the methods of stringing wires, but there was none as to any right or license from the railroad company to the defendant to use the railroad structure for such purpose. For all that appears, the defendant was just as much a trespasser on the railroad structure as, according to its claims, the boy was. At any rate, the defendant is not in a position to defeat the action on the ground referred to.

The defendant also contends that it could not reasonably have anticipated an injury to the boy, and that the proximate cause of accident was not the act of the defendant in locating the wire; but we cannot affirm this as matter of law. It was purely a question of fact on the evidence whether the wire was so dangerously near the rail that a person using the stairway might be injured by it. The court, in refusing to dismiss the complaint, stated that the only grounds upon which the case would be submitted to the jury were as to the contributory negligence of the boy, and whether "it could have been reasonably anticipated that this wire would become a source of danger to people who were invited or permitted to use the stairway," and such was the charge. It is hardly necessary to say that the verdict establishes this fact in the plaintiff's favor.

There was some evidence to show that the wire in question was not properly insulated, and that there was a break in the insulation at the part touched by the boy. The evidence as to the degree of care exercised by the defendant in the inspection of the wire was rather unsatisfactory, but it is unnecessary to refer to this further than to say that the court did not submit this question to the jury, because, as the learned justice stated, there was nothing to show how long the wire had been in that condition, whether it was in that condition at the time of the accident, or whether the insulating material was burned off by reason of the contact with the boy's hand.

The defendant excepted to the refusal of the court to charge "that one entering the premises of another, such as the stairs of the elevated railway on Fifth avenue, is a mere licensee, and is himself bound to exercise ordinary care and diligence; and also that these elevated stairs are for the purpose of ingress and egress to the ele-

vated road, and that the defendant could not reasonably anticipate that boys and girls would be playing on such stairs in a manner to be injured by a wire outside of the railing." This request must be taken in its entirety, and, of course, if any part of it was exceptionable, the whole request was properly refused. It involves three propositions: First, that the plaintiff was a mere licensee while on the stairway for purposes of play; second, that the stairway is merely for the use of elevated railroad passengers; third, that the defendant could not reasonably have anticipated that children would be playing on such stairway in such a way as to be injured by a wire outside the railing. As to the first proposition, we have already declared that the defendant, not being the owner of the stairway, was in no position to raise the question of the plaintiff's right to be there. As to the third, it cannot be said, as matter of law, that the defendant could not reasonably have anticipated that children would be playing on the stairway, as the evidence shows that they often played there; and it is manifest that both they and passengers might have their hands on or over the rail. The defendant's request covered cases of injury to a person from a wire placed anywhere outside the rail, and at any distance. The request on this proposal might have been proper as to a wire three feet from the rail, but not where it included in its scope a wire just outside, and in close proximity to, the rail, and possibly a swinging wire. The request cannot be sustained in its entirety, and the refusal to charge it was proper.

The defendant's counsel excepted to the admission of evidence to prove that about a month after the accident the wire was moved further from the platform by the defendant's servants. He admits, however, that this evidence was competent to prove defendant's ownership of the wire, but contends that its admission was error, inasmuch as Abel, one of the defendant's employés, who was called as a witness by the plaintiff, had testified that the wire which injured the plaintiff was owned by the defendant. A careful reading of the testimony of Abel does not conclusively show that he testified that the wire from which the plaintiff received his injury belonged to the defendant, and, as this was still in doubt, the evidence was competent to establish the fact of ownership. Besides, the plaintiff had the right to introduce other evidence than Abel's testimony on this point, as the jury might not have believed the witness without corroboration.

I should be much better satisfied to reduce this judgment to $5,000, but my associates think it should not be reduced, and I yield to their views. The judgment should be affirmed.

Judgment and order affirmed, with costs. All concur, except HIRSCHBERG, J., taking no part.