CAGLIONE v. MT. MORRIS ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, First Department. December 21, 1900.)

**1. ELECTRICITY—NEGLIGENCE—EVIDENCE—SUFFICIENCY.**

An electric light company, on removing an arc lamp from in front of a store, left the wires hanging down from the fixture to which the lamp had been attached; and thereafter, from time to time, sparks were seen to issue from the wires, persons in the neighborhood had received shocks from the electricity given off from the wires, and an awning against which the wires sometimes struck was burned by the current. Deceased, who occupied an adjoining store, seeing the awning on fire, attempted to put out the fire, and was killed by a current of electricity passing through his body. *Held*, in an action for the death of deceased, that there was sufficient evidence of negligence on the part of the electric light company to sustain a verdict in favor of plaintiff.

**2. SAME—INSTRUCTIONS.**

A charge that no imputation of negligence rested upon the defendant from the leaving of the wires on the fixture, but that the only question was whether they were left as a prudent person would have left them, in view of the surrounding circumstances, and that the question was whether defendant exercised ordinary care, and acted as a prudent person would have done for the purpose of preventing the injury which would result from the lack of proper care on its part in keeping the current within proper bounds, was not erroneous, as imposing too great a burden of duty on defendant.

**3. SAME—CONTRIBUTORY NEGLIGENCE.**

The question of contributory negligence having been properly submitted to the jury, their conclusion will not be disturbed on appeal.

**4. SAME—INJURY TO TRESPASSER.**

Though deceased was a trespasser in going upon the stoop of the store, or putting his hands against the front of the store, in his efforts to put out the fire, such fact would not excuse the negligence of defendant, since, as to it, he was not a trespasser.

Appeal from trial term, New York county.

Action by Maria Caglione, as administratrix of the estate of Paulo Caglione, against the Mt. Morris Electric Light Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Henry J. Hemmens, for appellant.
Charles G. F. Wahle, for respondent.

RUMSEY, J. The action was brought to recover damages for the negligent killing of the plaintiff's intestate. The defendant is a domestic corporation engaged in the business of electric lighting in a portion of the city of New York. Its wires extend through that portion of the city where it furnishes light, and it was usual to send through them a current of electricity amounting, as its engineer says, to between 1,430 and 1,550 volts, which was shown to be of sufficient strength to kill any person who was so unfortunate as to receive it. Up to the month of January, 1898, the defendant had maintained an arc light upon its circuit at No. 857 Ninth avenue. This light was hung from an iron bar which extended out about three feet in front of the store where it was in use. The electricity was brought to it through wires which were fastened to the framework upon which the

lamp was hung. In that month the tenant of the store for whom the defendant had maintained the light vacated it, and the lamp was removed, leaving the iron bar and the wires through which the electricity had been conducted to the lamp. In just what condition the wires were left does not appear; but that they were not secured, but were permitted to hang down from the supports to which the lamp had been fixed, is not denied. It is proved, and not disputed, that, after the lamp had been removed, sparks were seen to issue from these wires from time to time, and the awning against which the wires sometimes struck was burned by the electricity given off by them. Just when this condition came to exist does not appear; but it is clear that it had continued for some time before the month of September, 1898. Whether the defendant or its men had become aware of this condition of the wires was not made to appear. It did appear, however, that for some weeks before the injury to the plaintiff's intestate the wires had been in such a condition that under certain circumstances electricity, to a greater or less extent, had been given off, so that persons about there had received shocks from it. The front of the store above which the wires were fixed was of iron, as was also the framework upon which the awning was hung. The plaintiff's husband was the occupant of a small fruit store at No. 855 Ninth avenue, next adjoining the building where these wires were hanging. On the night of the 2d of September, 1898, he was sitting with a friend in front of his store, when, turning his head, he saw that the awning in front of No. 857 was on fire. He uttered an exclamation, sprang up, ran to the store, and attempted to blow out the fire. As he did so he threw out his right hand, and at once fell dead, having been killed by a current of electricity passing through his body. The evidence warranted the finding that the current had been transmitted through these wires to the iron framework of the awning, and thence to the iron front of the store; and, as Caglione put out his hand, he probably touched the store front and was killed. It was for this killing that the plaintiff brought this suit.

There can be little doubt as to the duty of the defendant with respect to the electricity which it had for sale. It undertook to furnish electricity for lighting purposes by means of wires strung through and along the public streets. It was bound to know that a current of electricity of so great a force as its necessities required it to use was, if it escaped, dangerous to human life. It was bound, therefore, to use all the care which the handling of so dangerous an element would require, and especially where that dangerous element was carried along the streets. It is not necessary to consider whether the mere fact that the electricity was permitted to escape establishes, of itself, a presumption of negligence or not. No such proposition of law was laid down by the learned trial justice. The jury were told that there was no imputation of negligence resting upon the defendant because the wires were left there; that the only question was whether they were left in such a condition as a prudent and a careful person would have left them, considering the surrounding circumstances; and they were also told that the question for them to decide was, did the defendant in this case exercise ordinary care

in the conduct of its business? and whether it has acted as carefully as a prudent person would have done for the purpose of preventing injury which would result from a lack of proper care on its part in keeping this current within proper bounds. The law, undoubtedly, is that when a corporation, for its own purposes, undertakes to bring into the streets of a city a substance which is known to be as dangerous as electricity, it is bound to take all the care that a reasonable person can take to see that it does not escape in such a way and under such circumstances as to be dangerous to human life. Wittleder v. Illuminating Co., 47 App. Div. 410, 62 N. Y. Supp. 297; Clarke v. Railroad Co., 9 App. Div. 51, 41 N. Y. Supp. 78; Jones v. Railway Co., 18 App. Div. 267, 46 N. Y. Supp. 321. The defendant certainly had no reason to object to the statement of the law as given to the jury by the learned trial justice. It did not impose too great a burden of duty upon the defendant, as it was given to the jury; and we are not disposed to say that it would have been wrong, even if a more stringent rule had been laid down as to the nature and extent of the defendant's duty. Upon the evidence the jury would have been warranted in finding that from the month of January to the month of September, 1898, these wires had been left by the defendant in such a condition that by the constant motion of them against the awning the insulation had been worn off so that whenever the electricity was turned through them it escaped to the framework of the awning and the front of the store; and they certainly would have been justified in finding that the defendant was guilty of negligence in permitting the electricity to escape.

The defendant claims that the plaintiff's intestate was guilty of contributory negligence. It claims that Caglione had been warned that the sparks which had been seen there were due to the electricity escaping from the wires, and that he had been told that it was dangerous to approach when they were giving it off. The question of the contributory negligence was fully and properly submitted to the jury, who have found for the plaintiff, and we see no reason to disturb their conclusion.

It was said that Caglione was a trespasser in attempting to blow out this fire, and in putting his hand against the front of the store in his efforts to do so. If he was a trespasser, it is a matter of no importance to this defendant. Wittleder v. Illuminating Co., 47 App. Div. 410, 62 N. Y. Supp. 297. So far as it was concerned, Caglione was not guilty of a trespass at all. He was on a public highway, and he was doing that which any citizen would have been justified in doing; and the fact, if it were a fact, that he went upon the stoop of the store of a person who had not invited him there, was no justification for the act of the defendant in turning into the highway so great a current of electricity as to cause the death of persons who came in contact with it. The verdict was clearly justified by the evidence.

We have examined the exceptions taken to the rulings of the court during the trial, and we can see no error in any of them. The result of the whole case is that the judgment and order must be affirmed, with costs. All concur.