## CLANCY v. NEW YORK & Q. C. RY. CO. (two cases).

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. ELECTRICITY—FALLING OF WIRES—INJURIES—LIABILITY OF COMPANY.
    Whether plaintiff was injured by physical contact with a trolley wire as it fell, or by one of the currents caused by the wires coming in contact with the ground and with the rails, thereby forming a completed circuit, was immaterial; the company being liable in either event.

2. SAME—RES IPSA LOQUITUR—EXPLANATION OF CAUSE OF FALL—EFFECT.
    The doctrine of res ipsa loquitur applied to a case where defendant's trolley wire fell into the street, injuring plaintiff; and this though plaintiff introduced evidence showing that the fall was caused by the trolley slipping off and striking some of the supporting wires.

Appeal from Trial Term, Queens County.

Two separate actions, by Kate Clancy and by William A. Clancy, against the New York & Queens County Railway Company. Judgments for defendant, and plaintiffs appeal. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

M. P. O'Connor (J. Brownson Ker, on the brief), for appellants.
George F. Hickey (William E. Stewart, on the brief), for respondent.

HOOKER, J.   These are two actions tried together.   The former
is brought by Kate Clancy for personal injuries she received on ac-
count of the falling of trolley wires, and the second is instituted by her
husband for damages for loss of her services while she was suffering
from the injuries sustained at that time.   The defendant was operating
a street railway, using electricity as a motive power, by the system of
overhead trolley.   At the intersection of Borden and Vernon avenues,
in the borough of Queens, a branch line of defendant's railroad turns
from the former into the latter thoroughfare; and the support of the
four trolley wires, one over each track at this point, requires a number
of poles and supporting guy wires.   These, in addition to the four
main trolley wires, comprise what some of the witnesses term "a net-
work of wires."   On the 26th of June, 1902, in crossing a certain part
of the intersection of these two streets, the plaintiff Kate Clancy
was injured by the fall of a number of these wires, variously estimated
by the witnesses at from two to several.   At least two of them were
the main trolley wires, and their fall, coming in contact, as they did,
with the ground and with the rails, caused circuits of electricity to be
completed.   It is not clear whether Mrs. Clancy was injured by
physical contact with the wire as it fell, or by one of these currents;
nor is it material, for, under the cases, the defendant is liable in either
event.   O'Flaherty v. Nassau Electric R. Co., 34 App. Div. 74, 54
N. Y. Supp. 96.   Not content to rest their case upon the proof of
these facts, the plaintiffs undertook to show what caused the wires to
fall.   A flat work car was proceeding along Borden avenue, and, as it
turned the curve into Vernon avenue, the trolley pole slipped off the
trolley wire and came in contact with some of the supporting wires in
such a manner as probably to cause their fall, for the wires fell imme-
diately thereafter.   One of the witnesses said that the trolley pole
slipped off the wire, and immediately after that the pole skipped over
one crosspiece, and hit the other, and then they fell.   We see no rea-
son why the doctrine of res ipsa loquitur, so often held by the courts to
apply to cases where trolley wires have fallen into the streets, or upon
persons there, should not control here.   O'Flaherty v. Nassau Elec-
tric R. Co., supra; Jones v. Union Railway Co., 18 App. Div. 267, 46
N. Y. Supp. 321; Caglione v. Mt. Morris Electric Light Co., 56 App.
Div. 191, 67 N. Y. Supp. 660; Griffen v. Manice, 166 N. Y. 118, 59
N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630; Mullen v. St. John,
57 N. Y. 567, 15 Am. Rep. 530.   It cannot be doubted that, had the
plaintiffs not sought to show the cause of the accident, a prima facie
case would have been made out, under the principle of law laid down in
the cases cited.   The defendant contends that plaintiffs' explanation
of the cause of the accident excuses any apparent negligence.   Proof
of the falling of the wires raises a presumption that the defendant was
in some manner negligent, either in their construction or maintenance.;
and this presumption has the force to require the submission of the
question of negligence to the jury until it is rebutted, or until evidence
is adduced explaining away the apparent negligence.

To sustain the judgment, it is contended that the slipping of the trolley pole off the trolley wire, and the striking of that pole against the cross-wires, is sufficient explanation; and the court is urged to take judicial notice of the fact that the slipping of trolley poles from trolley wires is a matter of hourly occurrence in the operation of street surface railways. We do not undertake to say that the court will take judicial notice of that fact, but, upon respondent's solicitation, we are willing to consider it in the disposition of this appeal, and think that the fact completes the chain of circumstances so that the doctrine of res ipsa loquitur is, if possible, more truly applicable. If it is a fact that trolley poles slip off the wires so frequently, then the inference of the defendant's negligence, even in construction or maintenance, is to be drawn from the fact of several wires falling at the intersection of two lines of street railway, as a result of the mere release of the trolley pole and its coming in contact with two of the cross-wires. The negligence of the defendant did not consist in the escape of the trolley pole. There was a presumption of it from the fall of the wires.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.