FORTUNE v. HALL.

(Supreme Court, Appellate Division, Third Department.   November 13, 1907.)

1. MASTER AND SERVANT—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE—
KNOWLEDGE OF DANGER.
    In an action for injuries to an employé operating a sausage machine,
in consequence of his fingers being caught by the revolving worm, the
evidence showed that he had been advised as to how to operate such a
machine, and had been cautioned to be careful of his fingers, and not to
put them into the machine.   He knew that, if he got his fingers into the
machine, they would be cut off.   *Held*, that he was guilty of contributory
negligence as a matter of law.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Serv-
ant, §§ 706–709.]

. 2. EVIDENCE—PRESUMPTIONS—STATUS OF INFANTS.
    A boy who has passed his fourteenth birthday is, in the absence of evi-
dence to the contrary, presumptively sui juris.

3. TRIAL—FINDINGS—INCONSISTENT FINDINGS.
    A finding that a machine was not dangerous is inconsistent with a find-
ing that it was not a safe machine on which a boy should work, in the
absence of evidence that he was not sui juris.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 856.]

4. MASTER AND SERVANT—INJURY TO SERVANT—STATUTES—APPLICABILITY.
    Where an employé at the time of his injury had passed the age of 14
years, Labor Law, Laws 1897, pp. 477, 494, c. 415, §§ 70, 162, prohibiting
the employment of children under 14 years, did not apply.

5. SAME.
    Where the injuries to an employé, occurring a few days after he had
passed his fourteenth birthday, were the result of his own carelessness,
there could be no recovery because of the failure of the employer to ob-
tain the certificate that the employé was physically able to perform the
work, in accordance with Labor Law, Laws 1897, p. 494, c. 415, §§ 162,
163.

Appeal from Trial Term, St. Lawrence County.

Action by Gabriel Fortune, by Mary Fortune, as guardian ad litem,
against William H. Hall. From a judgment for plaintiff, defendant
appeals. Reversed, and new trial granted.

The action is for negligence. The plaintiff is an infant, and was injured,
when he was slightly upwards of 14 years of age, while operating a sausage
machine for the defendant, who conducts a mercantile establishment or meat
market. The negligence is based upon the claims that the machine was de-
fective, that the defendant failed to give proper instructions to the plaintiff
relative to its operation, and employed him without his having a health or em-
ployment certificate as provided by sections 162 and 163 of the Labor Law
(Laws 1897, p. 494, c. 415). The machine was an ordinary No. 32 Enter-
prise sausage grinder. It was run by electric power. To operate it the
meat is cut up in small pieces and put by hand in a bowl or arbor about 2½
to 3 inches deep. At the bottom of the bowl is a revolving worm, which car-
ries the meat forward to the knives. The plaintiff was not employed to
operate the machine, but during the absence of the regular operator he took
his place and did his work. While the plaintiff was operating the grinder, the
meat backed up or clogged in the bowl, and in attempting to remove the meat
with his hand the end of his forefinger and about half of the second finger
of his right hand were caught in the worm at the bottom of the bowl and cut
off, and the hand was otherwise injured. The only evidence of the machine
being defective or out of repair was that the rim which held the outside
plate against the knives would get loose and had to be tightened. It was

shown that the rims of all machines of this character will get loose. The plaintiff knew that the rim would get loose, as he had seen others turn it, and he testified that he had tried to turn it himself, but could not turn it tight enough.

At the close of the testimony the court submitted to the jury a series of questions as follows: First, was the machine a dangerous machine? Second, was the machine a safe and proper machine upon which the plaintiff should work? Third, was the defendant negligent in employing this plaintiff without having obtained a health certificate? Fourth, was the plaintiff properly instructed as to his work with this machine and as to its dangers? Fifth, did the plaintiff at the time of the accident understand and appreciate the dangers from putting his hand into the machine as he did at the time he was hurt? And finally the court submitted to the jury the question of the plaintiff's damages, which he instructed them to assess regardless of whether or not the defendant was liable. The jury answered the first and second questions, "No;" the third question, "Yes;" the fourth and fifth questions, "No;" and assessed the damages at $1,000. Plaintiff's counsel thereupon moved for a direction of a verdict in that sum, and the defendant's counsel moved for a verdict of no cause of action, and the court directed the jury to find a verdict for the plaintiff for $1,000, and the defendant excepted. From the judgment entered thereon the defendant has appealed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Howard R. Sturtevant, for appellant.
James C. Dolan, for respondent.

CHESTER, J. The proof shows that the plaintiff, before working for the defendant, had been employed by one Thayer in 1905 to operate a like machine. Thayer, who was sworn for the plaintiff, testified that he used to show the plaintiff how to operate it, and cautioned him to be careful of his fingers and not to put them into the machine. The plaintiff admitted that Thayer cautioned him to be careful. Plaintiff also testified that he knew that if he got his finger down into the machine far enough it would be cut off, and, further, that Mr. La Var, the defendant's foreman, also told him to be careful and not get his fingers in there. Plaintiff said that he knew if he got his fingers in far enough they would get pinched off. There is absolutely no proof in the case that the plaintiff exercised any care in the operation of the machine. He did not in any way give any evidence upon which the jury could properly say that the plaintiff had affirmatively established freedom from contributory negligence. On the other hand, the proof is that the plaintiff, if he was sui juris, was guilty of contributory negligence. This appears from his own testimony above referred to.

The plaintiff was injured July 26, 1906. His fourteenth birthday was on the 15th of that month. In the absence of proof to the contrary, the legal presumption is that he was sui juris. Tucker v. N. Y. C. & H. R. R. Co., 124 N. Y. 308, 26 N. E. 916. There was no claim on the trial, and no proof, that he was not sui juris, so that force must be given to the legal presumption that he was. It is clear, too, that the plaintiff's injuries were not caused by any defect in the machine, even though the clogging was caused by the rim becoming loose, but was caused by his carelessness in using his hand to remove the meat while the machine was running. The jury found that the machine was not a dangerous machine, which was clearly inconsistent with its find-

ing that it was not a safe and proper machine upon which the plaintiff should work; there being no evidence that he was not sui juris.

It appears to us that the verdict, in two material respects, at least, is clearly against the evidence, viz.: In the negative answers given to the fourth and fifth questions submitted to the jury, wherein they found that the plaintiff was not properly instructed as to his work with this machine and its dangers, and that he did not understand and appreciate the danger from putting his hand into the machine as he did at the time he was hurt. This conclusion sufficiently appears from what has already been said, except that it may be added that the question of the plaintiff's freedom from contributory negligence was only submitted to the jury in connection with the fifth question, and their verdict as to that is involved in their answer to that question.

There is nothing in the case of Marino v. Lehmaier, 173 N. Y. 530, 66 N. E. 572, 61 L. R. A. 811, cited by the respondent, which will save his judgment. That case holds that the provision of section 70 of the labor law prohibiting the employment of a child under the age of 14 years in any factory in effect declares that a child under that age does not possess the judgment, discretion, care, and caution necessary for the employment in such a dangerous avocation, and therefore is not as a matter of law chargeable with contributory negligence, or with having assumed the risks of the employment. The plaintiff, as has been shown, had passed that age before he was hurt, and therefore the prohibition of such section 70, or the like provision in section 162, prohibiting the employment of a child under 14 years of age in a mercantile establishment, with certain exceptions mentioned in the section, do not apply.

It was material, however, on the question of the defendant's negligence, to show that the plaintiff had been employed by the defendant without obtaining the certificate that the former was physically able to perform the work which he intended to do, in accordance with sections 162 and 163 of the labor law. But upon that question there was no proof that the accident happened because of the failure to comply with the labor law. It is clear, on the contrary, that it happened because of the plaintiff's failure to use ordinary care to protect himself. His injuries appear to have been the result of his own carelessness, and for that reason his recovery cannot be sustained. Gallenkamp v. Garvin Machine Co., 91 App. Div. 141, 86 N. Y. Supp. 376, reversed by Court of Appeals, 179 N. Y. 588, 72 N. E. 1142, on dissenting opinion of Ingraham, J.

The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.