### STAFFORD v. CANAVAN BROS. CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1909.)

1. MASTER AND SERVANT (§§ 101, 102*)—NEGLIGENCE OF MASTER.

   The act of a master, causing injury to a servant, is not negligent, unless a person of reasonable prudence, exercising reasonable care, would have reason to apprehend that danger would result therefrom in connection with the work in which the servant was engaged.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171–174, 178–184; Dec. Dig. §§ 101, 102.*]

2. MASTER AND SERVANT (§ 201*)—INJURY TO SERVANT—PROXIMATE CAUSE.

   A master, engaged in making an excavation, constructed a runway to remove the material, and to assist teams up the runway a wire cable operated by a steam winch was provided. The cable caught in the trunk of a tree left by the master from 10 to 12 feet from the regular course of the cable, and caused it to fall into the excavation and strike a servant, killing him. The act causing the cable to come in contact with the trunk was the act of a fellow servant. There was nothing to show that the fellow servant, or the person who operated the steam winch, was either a superintendent, or exercising acts of superintendence, or that the acts were performed with the immediate direction of one so acting. Held, that the proximate cause of the injury was the blow inflicted on the trunk by the cable, caused by the negligence of a fellow servant, defeat-

---

ing a recovery under·the employer's liability act (Laws 1902, p. 1748, c. 800).

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 201.*]

Rich and Miller, JJ., dissenting.

Appeal from Trial Term, Richmond County.

·Action by Edith Stafford, administratrix of James Stafford, deceased, against the Canavan Bros. Company. From a judgment for plaintiff, and from an order denying a·new trial, defendant appeals. Reversed, and new trial granted.

˙ Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

. Eugene Lamb Richards, Jr. (Rutherford B. Meyer, on the brief), for appellant.

Thomas C. McDonald, for respondent.

BURR, J. The defendant was engaged in making an excavation on a plot of ground of the dimensions of about 350x200 feet at the corner of Broadway and Eighty-Sixth street in the borough of Manhattan. For the purpose of removing the excavated material a runway had been constructed extending from Eighty-Sixth street, a distance of about 75 feet. The westerly side of the runway was on the building line of Broadway, and the runway was about 25 feet wide. In order to assist the teams up the runway a wire cable had been provided, operated by a steam winch which stood in the street. A block was fastened on the sidewalk, and the cable passed through the block and down into the excavation. The cable was 100 or 125 feet long. When a truck had been loaded with material, a man in the excavation would hook the cable to the pole or hounds of the truck and give a signal to the man in the street in charge of the winch to go ahead. The power would then be turned on, and the team assisted up the runway. On the runway planks were laid to the width of 16 feet. Between this planking and the easterly side of the runway a heavy trunk or root of a tree, weighing about half a ton, was lying. It had been taken out of the excavation and placed there about three weeks before. This root was 3 or 4 feet from the edge of the planking, and about the same distance from the edge of the excavation, which at that point was 6 or 8 feet·below the runway. The distance from the regular course of the˙cable to the root or trunk was 10 or 12 feet. While the root had been lying there, on an average 200 team loads a day had been hauled up the runway in the manner described. On the day in question the cable was hitched to a wagon and the engine started. The cable had been left "slack, so that it lay loose." As it was straightened out by the pressure brought to bear upon it, it caught in the root and threw it down upon the plaintiff's intestate, who was working in the cut immediately below, and killed.him.

˙ It is doubtful if leaving this trunk in the position in which it was placed was negligent. It would not be so unless a person of ordinary prudence, exercising reasonable care, would have reason to apprehend that danger might result therefrom in connection with the work that

was being done. The fact that more than 2,000 loads of material had been safely drawn up while it was lying there, and the absence of any evidence to show that on this particular occasion the point from which the work was being done had been changed, would justify the conclusion that the defendant was not called upon to apprehend danger by reason of its position. But, conceding that there might have been negligence in leaving the trunk or root in the position in which it was placed, this negligence was not the proximate cause of the injury. Leeds v. N. Y. Telephone Co., 178 N. Y. 118, 70 N. E. 219; Laidlaw v. Sage, 158 N. Y. 73, 52 N. E. 679, 44 L. R. A. 216; Dulfer v. Brooklyn Heights R. R. Co., 115 App. Div. 670, 101 N. Y. Supp. 207; Feola v. Orange County Road Construction Co., 129 App. Div. 435, 114 N. Y. Supp. 70. The causa causans of this injury was the blow inflicted upon the root, just as in the Telephone Company Case, supra, the proximate cause of the injury was the blow inflicted upon the telephone wire. In this respect the case is distinguishable from those cited by the learned counsel for the respondent. In Lilly v. N. Y. C. & H. R. R. R. Co., 107 N. Y. 567, 14 N. E. 503, although the plaintiff was thrown from a car upon which he was working by the force of the collision of another car with it, there was evidence that the brakes upon the plaintiff's car were out of order, and if they had been in proper order that the car would not have been moved by the force of the impact sufficiently to throw the plaintiff down. So in Lowery v. Manhattan R. Co., 99 N. Y. 158, 1 N. E. 608, 52 Am. Rep. 12, there was no intervening agency between the fall of the red-hot coal, which struck and frightened the plaintiff's horse, and the injury; and the same was true with regard to the electric wire which caused the injury in the case of Wittleder v. Citizens' Electric Illuminating Co., 47 App. Div. 410, 62 N. Y. Supp. 297. The cases of Cohen v. Mayor, 113 N. Y. 352, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506, and Murphy v. Leggett, 164 N. Y. 121, 58 N. E. 42, were both actions arising out of the maintenance of a nuisance, and were not founded on negligence. In the latter case the court say:

"In this case the plaintiff fell down the steps of the defendant's platform. The steps, therefore, with the mud thereon, became the direct cause. The defendants were under no obligation, upon any theory of negligence, to furnish her a safe passageway; but if the use of the sidewalk and platform by them was a nuisance, and she was injured by reason thereof in the manner described, it constituted proximate cause."

The act which caused the cable to come in contact with the root, if a negligent act, was the act of a fellow servant for which the master is not responsible. It is true that this action was brought under the employer's liability act (Laws 1902, p. 1748, c. 600); but there is no evidence that the person who attached the wire cable to the pole of the wagon or the person who operated the steam winch was either a superintendent or exercising acts of superintendence while so doing, nor is there any evidence that such acts were performed under and in accordance with the immediate direction of a person so acting. That the manner of attaching the cable must have been a negligent act appears from the plaintiff's evidence to the effect that the ordinary course of the cable was 10 or 12 feet distant from the place where this

tree trunk was lying, and that for a long period of time hundreds of loads of material had been safely drawn up the runway without coming in contact with it. We think the motion made at the close of the case to dismiss the plaintiff's complaint should have been granted.

The judgment and order appealed from should be reversed, and a new trial granted; costs to abide the event.

WOODWARD and JENKS, JJ., concur.   RICH and MILLER, JJ., dissent.

