(90 Misc. Rep. 368)

NENSTIEHL v. FRIEDMAN et al.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. NEGLIGENCE ☞34—ADJACENT PREMISES—TRESPASSERS.

Where their servants, who had been in the habit of throwing boxes on an adjacent vacant lot, which did not belong to defendants, threw a box which struck and injured plaintiff's minor child, defendants cannot assert in defense that the child was a trespasser.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 48; Dec. Dig. ☞34.]

2. MASTER AND SERVANT ☞304—INJURY TO THIRD PERSON—LIABILITY.

Where their employés habitually threw boxes and refuse from the factory onto an adjacent lot which did not belong to defendants, and one of them struck plaintiff's minor child, defendants may be held either on the theory of negligence or nuisance.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1226–1229; Dec. Dig. ☞304.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry Nenstiehl against Charles Friedman and others. From a judgment dismissing the action at the close of plaintiff's case, he appeals. Reversed and remanded.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Walter P. Vining, of New York City (Alfred Ekelman, of New York City, of counsel), for appellant.

David Steckler, of New York City, for respondents.

BIJUR, J. As no complaint is made of the form of the judgment, it need not be referred to. Plaintiff proved that defendants operated a factory, from one window of which their employés were in the habit of throwing boxes, box lids, and other refuse upon an adjoining lot which did not belong to defendants. Plaintiff's child, three years of age, was playing with two or three children in this open lot when defendants' employés threw an empty box, weighing about 100 pounds, out of the window. It struck and injured plaintiff's child, and this action is brought to recover for the resultant damages.

[1, 2] The learned judge below seems to be of opinion that plaintiff was a trespasser upon the adjoining lot, and consequently could not recover from defendants unless injured by something in the nature of a "trap." In this, however, he was in error. In the first place, there was no proof that plaintiff's child was a trespasser, and indeed no proof as to the ownership of the lot, except that it did not belong to the de-

fendants.   Moreover, there was proof that there was a path running through the lot, and that it was continuously used by persons generally as a short cut; also that children customarily played thereon. But apart from that consideration, plaintiff's child was not a trespasser as to defendants, or rather the point that plaintiff's child may have been a trespasser on an adjoining lot cannot be raised by defendants.   Wittleder v. Citizens' Elec. Illuminating Co., 47 App. Div. 410, 62 N. Y. Supp. 488; Wilson v. American Bridge Co., 74 App. Div. 596, 77 N. Y. Supp. 820.   Both these cases are cited with approval in Weitzman v. Barbeur Asphalt Co., 190 N. Y. 452, 83 N. E. 477, 123 Am. St. Rep. 560. Defendants could also properly be held either on the theory of negligence or of nuisance.   Hogle v. Franklin Mfg. Co., 199 N. Y. 388, 92 N. E. 794, 32 L. R. A. (N. S.) 1038.   Whether or not plaintiff might be held guilty of imputed contributory negligence by allowing his young child to play on this lot might become a question for the jury, if knowledge of defendants' employés' habitual negligence had been brought home to him, but there is not even a hint to that effect in the testimony.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.   All concur.