**PALM v. NEW YORK, N. H. & H. R. CO.**
**No. 49, Docket 22438.**

United States Court of Appeals
Second Circuit.

Argued Oct. 17, 1952.

Decided Nov. 17, 1952.

R. M. Peet, New York City (Edward R. Brumley, New York City, on the brief), for defendant-appellant.

Thomas J. O'Neill, New York City (O'Neill, Higgins & Latto and John V. Higgins, all of New York City, on the brief), for plaintiff-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Palm, a fruit inspector for the McCabe Inspection Service, brought this action against the New York, New Haven and Hartford Railroad Company to recover damages for personal injuries sustained when he came in contact with an 11,000 volt high tension wire while inspecting a refrigerator car in defendant's Harlem River (New York) Yard. The district court entered judgment in favor of plaintiff

upon a jury verdict awarding him $50,000. From this judgment, the railroad appeals.

Defendant attacks the judgment on three grounds. It contends that the district court committed reversible error by (1) conducting the trial in an unfair and prejudicial manner; (2) limiting defendant's use of unsigned statements elicited from plaintiff and three witnesses shortly after the accident; and (3) refusing to charge the jury as defendant requested. We do not find substantial merit in any of these contentions.

The district court's conduct of the trial does not seem to us to have been prejudicial to defendant. Many of the rulings on evidence were quite, perhaps unduly, favorable to the railroad;[1] hence the sarcasm—provoked by defendant's persistence—which occasionally accompanied them could hardly have tipped the balance significantly against the defendant. We have also examined those statements by plaintiff's counsel which defendant considers objectionable. While some of these were clearly improper, the judge's admonitions to counsel were adequate to dispel any prejudicial effect they might have had on the jury. And any vestige of prejudice should have been removed by the judge's objective and judicious charge to the jury.

We come next to defendant's contention that the district judge improperly limited its use of prior statements to discredit testimony given at the trial. These statements had been taken in question and answer form by defendant's claim agent and a court stenographer shortly after the accident from plaintiff, one of plaintiff's witnesses, Dunleavy, and two defense witnesses, Bear and Krantz.[2] None of the statements was signed.

On direct examination of its witnesses Bear and Krantz, defendant attempted to impeach their testimony by showing

---

1. After ruling on counsel's requests to charge, the district judge remarked to counsel: "I feel I owe it to any Appellate Court that may review this record to say that I haven't admitted the evidence in question merely because the defendant insisted, but I have tried in good conscience to follow the rule that it is better to take evidence than to exclude it, maybe to the detriment of the plaintiff."

2. A similar statement, taken from plaintiff's employer, McCabe, was not used for impeachment and is not involved in this appeal.

that it was inconsistent with their earlier statements. The district court's refusal to permit this line of examination was within its discretion. While ordinarily, a party may not use prior inconsistent statements to impeach his own witness, he may use them to refresh the witness' recollection when surprised by his testimony. Hickory v. United States, 151 U.S. 303, 14 S.Ct. 334, 38 L.Ed. 170; United States v. Graham, 2 Cir., 102 F.2d 436, certiorari denied Graham v. United States, 307 U.S. 643, 59 S.Ct. 1041, 83 L.Ed. 1524. The judge here allowed such use of the statements that defendant had previously taken from Bear and Krantz, but to no avail. Beyond this, the statements, where not signed or made under oath—see N.Y. Civil Practice Act § 343-a and Jenkins v. 313–321 W. 37th St. Corp., 284 N.Y. 397, 402, 403, 31 N.E.2d 503, reargument denied 285 N.Y. 614, 33 N.E.2d 547—could be used only if the witnesses were found to be hostile. United States v. Graham, supra. The judge himself examined both witnesses to determine whether or not they were hostile and concluded that they were not; such findings were properly within the court's discretion.

■ The district court did not improperly restrict defendant's use of the statement which it had obtained from plaintiff's witness Dunleavy. Defendant was permitted to cross-examine Dunleavy on three matters covered in that statement in order to impeach him. At least one of these points—the one defendant considers the most critical—was not within the scope of the direct examination, so that, as to it, defendant made Dunleavy his own witness. Impeachment on this issue might thus have been barred entirely on the grounds discussed above. See Bennett v. Crescent Athletic-Hamilton Club, 270 N.Y. 456, 1 N.E.2d 963. But despite the judge's misgivings as to the propriety of this line of questioning, he did not restrict the cross-examination, which defendant ended of its own accord. It is equally difficult to comprehend defendant's objections to the rulings on Court Stenographer Simon's testimony in connection with the Dunleavy statement. Defendant was entitled to elicit from Simon whether or not the statement, part of which had already been read to Dunleavy, corresponded to that taken down after the accident. On this point Simon testified that, so far as he knew, the statement was accurate. It was not then necessary to read the individual questions and answers to Simon, and the court's rulings against such procedure were entirely proper.

■ Prior contradictory statements made by the plaintiff himself were undoubtedly admissible against him as admissions. And the court permitted defendant to make full use of them on cross-examination of the plaintiff. Defendant failed, however—by inadvertence or conscious design—to have the plaintiff's statement introduced in evidence or marked for identification. Consequently, this was not one of the statements to whose accuracy Simon testified. When, in its summation, defendant linked Simon with the plaintiff's statement, plaintiff objected that no evidence to that effect had been introduced. At this point defendant requested that the plaintiff's statement be marked and Simon recalled to identify it. The court did not explicitly deny this request, but persuaded defendant to continue its summation without the additional evidence. Defendant now contends that the exclusion of plaintiff's statement was error. But the fault for not having this statement introduced and identified during the trial lies squarely with the defendant. At the time Simon was on the witness stand, the court indicated quite clearly that only the Bear, Krantz, and Dunleavy statements had been marked. Though long after the cross-examination of the plaintiff, this was still a far more propitious time for introduction of the statement than in the middle of defendant's summation. Moreover, since the jury heard the questions and answers in the plaintiff's statement when he was cross-examined, defendant could not have been prejudiced merely because it was not permitted to call the impartial talents of the court stenographer to the jury's attention in the summation. Hence a direct refusal to permit the introduction of further exhibits and testimony at that late moment would not have constituted error.

Finally, defendant contends that the judgment should be reversed because the district judge failed to incorporate its requests in the charge to the jury. Particular stress is laid on five of these, and we find it unnecessary to discuss the others. Request No. 2 was to the effect that, if plaintiff violated his employer's instructions to have the railroad wires de-energized before going on the roofs of cars, he was contributorily negligent as a matter of law. Such a charge would not have been accurate. The jury was entitled to consider all the facts relevant to contributory negligence and was not required to find for defendant simply because plaintiff failed to heed a past warning from his employer. Those New York cases holding for the defendant state no contrary rule; they actually involved situations of a different and more flagrant kind, where the plaintiff's experience was extensive or proof of his innocence was wholly lacking. See, e. g., Moeller v. Brewster, 131 N.Y. 606, 30 N.E. 124; La Croy v. New York, L. E. & W. R. Co., 132 N.Y. 570, 30 N.E. 391; Goodwin v. Lamport & Holt, 236 N.Y. 570, 142 N.E. 287; Fortune v. Hall, 122 App.Div. 250, 106 N.Y.S. 787, affirmed 195 N.Y. 578, 89 N.E. 1100. Defendant's request No. 7 was that the jury could not find the railroad at fault because of improper placement of the car. But no reason is apparent why the jury should not consider this fact together with all the others relevant to defendant's breach of duty.

Requests Nos. 8 and 11 were to the effect that plaintiff's knowledge of the danger reduced defendant's duty toward him. Their very statement indicates the confusion which underlies these requests. Warnings which plaintiff may have received from his employer and others—aside from those given by the defendant—are relevant to the issue of plaintiff's contributory negligence, but do not excuse defendant's breach of duty to use due care. Defendant's request No. 9 stated its duty toward plaintiff on the assumption that he was a bare licensee or trespasser. The facts of the case show that plaintiff was a business visitor in defendant's railroad yard, and

the district judge correctly refused to charge on a different premise.

Judgment affirmed.

CHASE, Circuit Judge.

I concur in the result.