STOFFEL v. NEW YORK, N. H.
& H. R. CO.

No. 235, Docket 22650.

United States Court of Appeals,
Second Circuit.

Argued April 16, 1953.

Decided June 23, 1953.

Joseph J. Silverman, New York City, for plaintiff-appellee, Benjamin H. Siff, New York City, of counsel.

Edward R. Brumley, New York City, for appellant, R. M. Peet and J. D. O'Neill, New York City, of counsel.

Before SWAN, Chief Judge, and AUGUSTUS N. HAND and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

After a trial to a jury the plaintiff recovered a judgment of $160,000 for personal injuries suffered by him when he came into contact with a high tension wire while working in the defendant railroad's yard, and the defendant appeals. Federal jurisdiction was invoked on the ground of diversity of citizenship—the plaintiff is a citizen of the State of New York and the defendant is incorporated under the laws of the State of Connecticut.

On March 27, 1951, the plaintiff and a co-worker, Leo Hamlin, were instructed by their employer, the Jerome F. Gould Corporation—an independent contractor employed by a shipper of a crate of machinery—to go to the defendant's Harlem River Yards in order to protect the crate from rain by waterproofing it. The crate had been loaded on a flat car which was placed by the defendant in its yard to await the waterproofing.

The defendant's employees directed the plaintiff and his co-worker Hamlin to the track where the car was located and where they parked their station wagon. Hamlin ate his lunch there, while the plaintiff went to a restaurant. About 12:45 Hamlin started preparations for the task which had been assigned to him. Shortly thereafter the plaintiff returned and began to assist in removing a tarpaulin that was covering the crate. After handing some materials to Hamlin who was on top of the case of machinery, the plaintiff himself climbed up to help in nailing down the waterproofing paper. A high tension wire was less than six feet from the top of the crate (the defendant said that it was five feet nine and one-half inches above the crate, while the plaintiff estimated a figure of five feet three and one-half inches). The plaintiff was approximately six feet two inches tall. A few minutes after the plaintiff got on top of the case he was severely injured by coming in contact with the wire which carried a current of 11,000 volts.

The defendant argues that the plaintiff was guilty of contributory negligence as a matter of law, and we agree. The plaintiff admitted that he had seen the wire, and that he knew that it would be dangerous if it was alive. His explanation for his failure to inquire as to whether the wire had been de-energized was that he had assumed that his employer would not send him into a place where he might be hurt. We do not think that a reasonable man with due regard for his own safety would make this assumption, particularly in view of the grave danger that existed if it was erroneous. It is hard to see how it could reasonably be thought that the plaintiff's employer would have any knowledge as to whether or not a wire, under which this particular car happened to have been placed by the defendant railroad, was alive. The failure of the plaintiff to take an elementary precaution for his own safety by inquiring whether the wire was de-energized before starting to work near it was in our opinion contributory negligence as a matter of law. Mississippi Power & Light Co. v. Whitescarver, 5 Cir., 68 F.2d 928; cf. Hickok v. Auburn Light, Heat & Power Co., 200 N.Y. 464, 471–472, 93 N.E. 1113; Conroy v. Saratoga Springs Authority, 3d Dept., 259 App. Div. 365, 19 N.Y.S.2d 538, affirmed 284 N.Y. 723, 31 N.E.2d 197; Southern Ry. Co. v. Edwards, 5 Cir., 44 F.2d 526. We think it just as unreasonable to come into dangerous proximity to a high tension wire without bothering to inquire whether it is alive as it is to proceed in a strange unlighted place without investigating the possible dangers. See Rohrbacher v. Gillig, 203 N.Y. 413, 96 N.E. 733; Midgett v. Mastropoalo, 2d Dept., 277 App.Div. 792, 97 N.Y.S.2d 324, appeal dismissed 302 N.Y. 687, 98 N.E.2d 484. Had the plaintiff made inquiries and proceeded with his work knowing of the danger to which he was exposed, he plainly would have assumed the risk by consenting to incur the danger created by any failure on the part of the defendant to carry out its duty, see Guerrini v. United States, 2 Cir., 167 F.2d 352, 355, to the plaintiff, a business visitor, to exercise reasonable care to make the premises safe. See Prosser, Torts § 51. The plaintiff would not have been placed in the dilemma of either abandoning his work or assuming the risk since the line could

easily have been de-energized by the railroad's employees. Cf. Kaplan v. 48th Ave. Corp., 2d Dept., 267 App.Div. 272, 274, 45 N.Y.S.2d 510.

Moreover, we do not think that the plaintiff exercised care commensurate with the grave danger which he knew would exist if the wires were alive in raising up from his kneeling position, as he must have done in order to come into contact with the wire, with the necessary effect of placing himself in close proximity to the wire and the possible, and actual, effect of bringing him into contact with the wire. While it is not negligent *per se* to work near a high tension wire, reasonable care must be exercised. There is no contention and no evidence that the contact with the wire came about in any way other than by the plaintiff's voluntary movement of his body.

The evidence showed that there was burnt hair or skin on the wire after the accident and that the upper part of the plaintiff's face and his right ear were the most severely burned. In view of this the plaintiff's testimony that he did not touch the wire is not credible; it is understandable that a man who has had 11,000 volts of electricity pass through him from a wire that he did not see as he came into contact with it may not remember the contact itself or even have consciously felt it in distinction to the shock. In Dunn v. Cavanaugh, 2 Cir., 185 F. 451, relied on by the plaintiff, the deceased was killed when the current jumped from the line to his body. He knew of the danger of touching any of the lines, but was held not contributorily negligent as a matter of law and not to have assumed the risk since there was no evidence that he knew that the current could jump. Similarly in Courtney v. Niagara Falls Hydraulic Power & Mfg. Co., 4th Dept., 138 App.Div. 383, 122 N.Y. S. 721, the court held that the plaintiff's intestate might not have known that the current could jump and therefore had not necessarily assumed the risk.

We do not think that the cases relied upon by the plaintiff require a different result. In Palm v. New York, N. H. & H. R. R., 2 Cir., 200 F.2d 67, although it does not appear from the opinion, the accident occurred at night and the plaintiff testified that he had no knowledge that there were electric wires in the yard where he was working. Russell v. New York State Electric & Gas Corp., 3d Dept., 276 App. Div. 44, 93 N.Y.S.2d 3, affirmed 301 N.Y. 593, 93 N.E.2d 493; Zuppa v. Central, Hudson Gas & Electric Corp., 2d Dept., 277 App.Div. 1044, 101 N.Y.S.2d 228, affirmed 302 N.Y. 827, 100 N.E.2d 35, and Caglione v. Mt. Morris Electric Light Co., 1st Dept., 56 App.Div. 191, 67 N.Y.S. 660, presented very different facts from those here. The court indicated in Braun v. Buffalo General Electric Co., 200 N.Y. 484, 495, 94 N.E. 206, 34 L.R.A.,N.S., 1089, that the plaintiff might have mistaken the electric wires that he grasped for telephone wires or have thought that they were properly insulated.

The denials of the defendant's motion for a directed verdict and its motion for judgment notwithstanding the verdict were erroneous. Accordingly, the judgment is reversed and the case remanded with directions to enter judgment for the defendant.