**Heather C. SMITH, Administratrix of the Estate of Durwood P. Smith, Plaintiff-Appellee,**

v.

**VERMONT YOUNG WOMENS CHRISTIAN ASSOCIATION, INC., d/b/a Camp Hochelaga, et al., Defendants-Appellants.**

**Nos. 279, 280 and 281, Dockets 73–1681, 73–1781 and 73–2269.**

United States Court of Appeals, Second Circuit.

Argued March 13, 1975.

Decided April 1, 1975.

Robinson E. Keyes, Rutland, Vt. (Ryan, Smith & Carbine, Rutland, Vt., on the brief), for defendant-appellant Citizens Utilities Co.

Richard A. Hull, Rutland, Vt. (Dick, Hackel & Hull, Rutland, Vt., on the brief), for defendants-appellants Edgar A. Welch and Bette Ann Welch d/b/a United Rent Alls.

Edwin H. Amidon, Jr., Burlington, Vt. (Pierson, Affolter & Amidon, Burlington, Vt., on the brief), for plaintiff-appellee.

Before LUMBARD, MOORE and FEINBERG, Circuit Judges.

PER CURIAM:

Defendants Citizens Utilities Company and Edgar A. and Bette Ann Welch, doing business as United Rent Alls, appeal from denial of motions for a new trial or judgment notwithstanding the verdict entered after a two-week jury trial in

the United States District Court for the District of Vermont, James S. Holden, Chief Judge. This diversity action was brought after plaintiff's husband was electrocuted while holding an aluminum pole saw, 18 feet in length, which he had rented from United to trim trees at a "Y" camp. The saw apparently had come in contact with a Citizens Utilities power line. The jury awarded plaintiff $100,000 against appellants and the camp.[1] We affirm.

The issues here are simple. United and Citizens Utilities both claim that the deceased was contributorily negligent. United also claims that it was not negligent, but Citizens Utilities does not appeal the determination of its negligence.

Appellants have a heavy burden to overcome in the jury's findings. See 5A J. Moore, Federal Practice ¶ 50.07[2] (2d ed. 1948), 6A id. ¶ 59.08[5]. Apparently the trial judge, long familiar with Vermont law,[2] did not believe that they had sustained that burden when he denied defendants' motions; neither do we. For example, on the question of the deceased's contributory negligence, on which defendants had the burden of proof,[3] there was an issue as to whether the deceased should have seen the wires; there was also evidence from which the jury could have found that the deceased reasonably believed that the wires were insulated or not energized.[4] This would, of course, negate contributory negligence. See, e. g., Stoffel v. New York, N. H. & H. R. R., 205 F.2d 411, 413 (2d Cir.), cert. denied, 346 U.S. 898, 74 S.Ct. 222, 98 L.Ed. 399 (1953). Similarly, since United customarily warned persons who rented aluminum ladders not to use them near power lines, the jury was free to find that it was negligence not to warn the deceased about the same dan-

ger inherent in aluminum pole saws. *Cf.* Harrington v. Sharff, supra.

LUMBARD, Circuit Judge, concurs in the result.

Judgment affirmed.

---

**1.** The appeal of the Vermont Y.W.C.A., doing business as Camp Hochelaga, was dismissed by stipulation.

**2.** Before coming to the federal bench, Judge Holden was a member of the Vermont Supreme Court for many years and its Chief Justice for a good portion of that time.

**3.** Harrington v. Sharff, 305 F.2d 333, 336–37 (2d Cir. 1962).

**4.** The accident occurred in November when power lines in a summer camp and vacation area might be disconnected.